UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION
www.flnb.uscourts.gov

In Re:

**Lynette Michelle Lacey Alexis Preston,**
**aka Lynette Michelle Lacey Alexis Karaidos,**
**aka Lynette Michelle Lacey Alexis Cook,**
**SSN/ITIN: xxx-xx-2618,**

**Case No.: 25-10173-KKS**
**Chapter 7**

Debtor.

_______________________________________________/

**DEBTOR'S RESPONSE TO OBJECTION TO CLAIM OF EXEMPTIONS REGARDING HOMESTEAD**

COMES NOW the Debtor, Lynette Michelle Lacey Alexis Preston ("Debtor"), by and through undersigned counsel, and files this Response to the Objection to Debtor's Claim of Exemptions Regarding Homestead filed by Creditor Jeremy Hales (ECF No. 26), and respectfully states:

## I. PROCEDURAL BACKGROUND AND REQUEST FOR RELIEF

1. The Creditor filed the Objection to Debtor's Claim of Exemptions Regarding Homestead on August 12, 2025.
2. Pursuant to Bankruptcy Rule 4003(b)(1), the Debtor's response was due within 14 days of service of the objection, which would have been approximately August 26, 2025.
3. However, this case was dismissed on August 18, 2025, for failure to comply with the Notice of Deadline to Cure Deficiencies (ECF No. 29), which dismissal occurred during the 14-day response period.

4. During the period following the objection and dismissal, undersigned counsel was temporarily unable to use the CM/ECF electronic filing system in this Court. By Order entered July 11, 2025, in Case No. 25-00103-SMG (S.D. Fla.), the Southern District of Florida temporarily suspended undersigned counsel's electronic filing privileges pending completion of certain professional responsibility requirements. A copy of that Order is attached hereto as Exhibit A.

5. On August 27, 2025, undersigned counsel communicated with the Clerk's Office regarding alternate filing methods, including filing by mail, FedEx/UPS, or in person, while electronic filing privileges remained restricted. A copy of that correspondence is attached hereto as Exhibit B.

6. Given the case dismissal during the response period and the inability to file electronically, there was confusion regarding the response deadline and appropriate procedures for filing while the case was closed.

7. The Debtor filed a Motion to Reinstate Case on September 3, 2025 (ECF No. 34), which this Court granted by Order entered October 21, 2025 (ECF No. 39). Copies of the Motion and Order are attached hereto as Exhibits C and D.

8. Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1), the Court may permit an act to be done after expiration of a specified period where the failure to act was the result of excusable neglect.

9. Given the extraordinary circumstances, including the dismissal of the case during the response period, the temporary restriction on electronic filing privileges, and the need to seek reinstatement, the Debtor respectfully requests that the Court deem this response

timely filed or, alternatively, accept this filing for good cause or excusable neglect under Rule 9006(b)(1).

## II. RESPONSE ON THE MERITS

10. The Creditor objects to the Debtor's homestead exemption claim on two grounds: (a) the property is located within a municipality and exceeds one-half acre, and (b) the property allegedly does not contain a livable structure.

11. The property at issue is located at 151 N Otter Creek Ave, Otter Creek, Florida (Parcel ID # 01970-000-00), and consists of approximately 1.66 acres within the municipality of Otter Creek. The Debtor owns a 50% undivided interest in the property as a tenant in common with John M. Cook, who owns the remaining 50% interest.

12. The Debtor acknowledges that the property's acreage exceeds the one-half acre limitation set forth in Article X, Section 4(a)(1) of the Florida Constitution for homesteads located within a municipality. The Debtor has obtained documentation regarding the property's legal description, platting, and lot configuration. The property is legally described as: 26-13-15, 1.66 acres tract in NE1/4 of NE1/4, as recorded in Official Records Book 1610, Page 877, of the Public Records of Levy County, Florida. The Debtor respectfully submits that her 50% ownership interest in the property qualifies for homestead protection to the extent permitted by law, and reserves the right to supplement this Response with additional legal argument and supporting documentation on this issue prior to the hearing.

13. With respect to the Creditor's allegation that the property does not contain a livable structure, the Debtor clarifies the factual circumstances. A prior structure on the property

was condemned by Levy County and was required to be demolished. The Debtor never resided in that condemned structure. Prior to obtaining the necessary permits to live on the property, the Debtor resided in a campground. After obtaining all required permits from Levy County and the Town of Otter Creek, the Debtor moved a camper onto the property and has continuously resided there while the new home is under construction. There is currently an unfinished residential structure on the property that the Debtor and the co-owner have been actively working to complete. As evidenced by the attached photographs (Composite Exhibit E), the property contains a substantial residential structure with complete exterior siding, multiple installed windows and doors, finished interior walls, and active construction materials throughout. The Debtor's use of the camper as temporary housing during construction has been at all times in compliance with applicable building, zoning, and land-use regulations. The reconstruction is currently underway, and the Debtor intends to resume full-time residence in the rebuilt home upon completion of construction. The property is currently homesteaded with the Levy County Property Appraiser, and the Debtor's tax records reflect homestead exemption status. Copies of the Debtor's 2025 property tax assessments are attached hereto as Exhibit F. The Debtor has obtained formal documentation from the Property Appraiser's office reflecting the homestead exemption status.

14. Homestead status is determined by the intent of the head of the family to make the property the family's permanent residence. *Hillsborough Inv. Co. v. Wilcox*, 152 Fla. 889, 13 So.2d 448 (1943). Constitutional and statutory provisions with reference to homestead should be interpreted in the liberal and beneficent spirit in which they were conceived and enacted in the interest of the family home. *Armour & Co. v. Hulvey*, 73 Fla. 294, 74

So. 212 (Fla. 1917). Florida courts have consistently emphasized that the homestead exemption is to be liberally construed in the interest of protecting the family home against the claims of creditors. *Coy v. Mango Bay Prop. & Invs., Inc.*, 963 So. 2d 873 (Fla. 4th DCA 2007).

15. Continuous physical presence without interruption is not required to constitute a homestead. Temporary absence from the homestead will not deprive it of that character, provided an abiding intention to return is always present. *City of Jacksonville v. Bailey*, 159 Fla. 11, 30 So.2d 529, 530 (Fla. 1947); *Lanier v. Lanier*, 95 Fla. 522, 116 So. 867 (Fla. 1928). Once the property has acquired homestead status, this status continues until an abandonment has occurred, which being dependent upon the intent of the claimant, is a question of fact to be determined in each particular case. *L'Engle v. Forbes*, 81 So.2d 214 (Fla. 1955). The Debtor's circumstances, including the mandatory demolition by county order, continuous on-site residence in temporary housing, and active reconstruction, demonstrate both actual residence and the requisite intent to maintain the property as the Debtor's permanent homestead.

16. Regarding the acreage limitation, while the property exceeds one-half acre, Florida courts apply a proportional approach to oversized municipal properties. Florida Constitution Article X, Section 4 strictly limits homestead exemptions within municipalities to one-half acre of contiguous land. However, the fact that a property exceeds this limit does not automatically disqualify all homestead protection. In *In re Cole*, 2019 Bankr. LEXIS 1059, *1059 (Bankr. M.D. Fla. Apr. 3, 2019), *aff'd*, 829 Fed. Appx. 399, 2020 U.S. App. LEXIS 30867 (11th Cir. Fla. 2020), the court concluded that despite the debtor's inequitable attempt to gerrymander his homestead exemption, "Florida law commands

that he cannot be denied his constitutional homestead exemption." The court disregarded the illegal partitioning, treated the entire parcel as indivisible, and directed its sale with allocation of proceeds, concluding "that the net proceeds should be allocated as between the Debtor and the Trustee based on a simple percentage of the allowed exempt acreage to the total acreage of the Property." Here, one-half acre of the 1.66-acre property qualifies for homestead protection under this proportional approach. The Debtor is gathering documentation, including surveys and property descriptions, to identify which half-acre portion contains the primary residential use and to support the claim for the exempt portion.

17. The attached tax assessments (Exhibit F) demonstrate that the Levy County Property Appraiser has granted homestead exemption status to this property. The property appraiser has statutory authority under Fla. Stat. Section 196.015 to make the initial factual determination regarding a claimant's intention to establish permanent residence. This determination carries substantial legal weight and creates a strong presumption of validity. In *In re Migell*, 569 B.R. 918, 2017 Bankr. LEXIS 2132 (Bankr. M.D. Fla. 2017), the court held that homestead rights must be construed liberally in favor of the debtor, and that the creditor, who has the burden of proof, must make a "strong showing" that the debtor is not entitled to claim the homestead exempt. The court found that even though the debtor received mail in Massachusetts and had filed a homestead declaration in Massachusetts in 2014, this evidence "was not sufficient to overcome the presumption that [the debtor's] homestead claim was valid." The Creditor bears the burden of overcoming this presumption with substantial evidence, which the Creditor has not done.

The objection appears based solely on a misunderstanding of the facts regarding the Debtor's residence on the property.

18. The Debtor is in the process of gathering additional supporting documentation to substantiate the homestead claim, including formal certification from the Levy County Property Appraiser regarding homestead status, documentation of the county-mandated demolition, building permits and inspection records for the ongoing reconstruction, photographic evidence of the current structure under construction, and evidence demonstrating the statutory factors for establishing permanent residence intent under Fla. Stat. Section 196.015, including voter registration records, Florida driver license, utility payment records showing continuous service to the property address, and mail delivery records. The Debtor respectfully requests the opportunity to supplement this Response with such documentation prior to the hearing scheduled for December 9, 2025.

19. The homestead exemption is a critical protection under both Florida constitutional and statutory law. The Debtor has maintained continuous residence on the property, albeit in temporary accommodations necessitated by the county-required demolition and ongoing reconstruction. The Debtor's intent to maintain the property as a permanent homestead has not wavered, and the temporary nature of the current living arrangement does not defeat the homestead claim.

## III. CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court: (1) deem this Response timely filed, or alternatively, accept this filing for good cause or excusable neglect under Bankruptcy Rule 9006(b)(1); (2) overrule the Creditor's Objection to Debtor's Claim of

Exemptions Regarding Homestead; and (3) grant such other and further relief as the Court deems just and proper.

Dated this 15th day of November, 2025.

RAMSARAN LAW GROUP

By: */s/ Jerome Ramsaran* .
JEROME RAMSARAN, ESQ.
JEROME RAMSARAN, P.A.
1200 Brickell Ave., Suite 1950
Miami, FL 33131
Tel: (888) 423-9393
Fax: (866) 473-2260
info@ramsaranlawgroup.com
jerome@ramsaranlawgroup.com

**ATTESTATION**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on: November 15, 2025

By: Lynette Preston (Nov 15, 2025 22:33:00 EST)
Lynette Preston

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 15, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/Jerome Ramsaran, Esq.*
Jerome Ramsaran, Esq.
Fla. Bar No. 112703