**IN THE UNITED STATES BAKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

IN RE:

LYNETTE MICHELLE LACEY
    ALEXIS PRESTON,                                         Case No. 25-10173-KKS

       Debtor.                                                    Chapter 7

_____/

**RESPONSE IN OPPOSITION TO DEBTOR'S MOTION FOR**
**PROTECTIVE ORDER AND REQUEST FOR AWARD OF FEES AND**
**COSTS**

Jeremy Hales ("Creditor"), by and through undersigned counsel, hereby files

this Response in Opposition to the Debtor's Motion for Protective Order (the

"Motion") (Doc. 121) and respectfully requests that this Court deny the Motion and

award reasonable fees and costs to the Creditor pursuant to Federal Rules of Civil

Procedure 37(a)(5)(B) and 37(d), as incorporated by Federal Rule of Bankruptcy

Procedure 7026.

The Debtor filed the Motion only two days before the scheduled deposition,

seeking to postpone or cancel the deposition based on a scheduling conflict that the

Debtor admits in paragraph six of the Motion was known months in advance. This

last-minute filing demonstrates a lack of diligence inconsistent with the cooperative

spirit required in discovery practice and has caused the Creditor to incur unnecessary

expenses. Under the Federal Rules of Civil Procedure, a motion for protective order

filed on the eve of a deposition, particularly when the moving party had advance knowledge of the scheduling conflict, is not substantially justified and provides grounds for denial of the motion and an award of fees and costs to the non-moving party.

## STATEMENT OF FACTS

1. On April 28, 2026, the Creditor properly noticed the Debtor's deposition to take place on May 27, 2026 at 8:00 a.m. at the Levy County Courthouse in Bronson Florida.
2. On May 25, 2026, the Debtor filed the Motion for Protective Order seeking to postpone or cancel the deposition.
3. In paragraph six of the Motion, the Debtor admits that the medical procedure creating the alleged scheduling conflict was arranged months in advance.
4. The Debtor failed to appear at the scheduled deposition on May 27, 2026
5. As a result of the Debtor's last-minute Motion, the Creditor has incurred expenses, including court reporter fees, and attorney time spent preparing for the deposition and responding to this Motion.

## SUMMARY OF ARGUMENT

The Motion for Protective Order should be denied because the Debtor has failed to demonstrate good cause under Rule 26(c) and because the motion is not substantially justified under Rule 37. The Debtor's admission that it arranged the medical procedure months in advance is fatal to its motion. Despite having months of advance knowledge, the Debtor waited until two days before the properly noticed deposition to file its motion. This conduct

demonstrates a lack of diligence and fails to satisfy the good cause standard required for protective relief.

The Creditor is entitled to recover its reasonable fees and costs under two independent provisions of Rule 37. First, Rule 37(a)(5)(B) mandates an award of expenses incurred in opposing the Motion for Protective Order when that motion is denied, unless the motion was substantially justified or other circumstances make an award unjust. The Debtor cannot meet this burden given its months of advance knowledge and two-day filing timeline. Second, to the extent the Debtor failed to appear at the properly noticed deposition, Rule 37(d) authorizes sanctions including the reasonable expenses caused by that failure. The filing of a motion for protective order does not excuse the duty to appear at a deposition absent a court order postponing or excusing the deposition.

## ARGUMENT

**I. THE MOTION FOR PROTECTIVE ORDER SHOULD BE DENIED BECAUSE IT IS UNTIMELY, NOT SUBSTANTIALLY JUSTIFIED, AND LACKS GOOD CAUSE UNDER RULE 26(c)**

### A. The Debtor Bears the Burden of Demonstrating Good Cause and Substantial Justification

Federal Rule of Civil Procedure 26(c) applies in adversary proceedings through Federal Rule of Bankruptcy Procedure 7026. Under Rule 26(c)(1), a party seeking a protective order must demonstrate good cause for the court to issue an

order protecting that party from annoyance, embarrassment, oppression, or undue burden or expense. The party seeking a protective order bears the burden of demonstrating good cause for the order. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S. Ct. 2199 (1984).

The motion must be timely filed, and courts have held that parties with knowledge of a need for a protective order may not remain silent and wait for a conflict to occur. *All Web Leads, Inc. v. D'Amico*, No. 18-80571-CV, 2018 U.S. Dist. LEXIS 198151 (S.D. Fla. Nov. 15, 2018).

Rule 26(c)(2) provides that the expense-transfer provisions of Rule 37(a)(5) apply to protective order motions. Under these provisions, if the motion is denied, the court must require the movant to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees, unless the motion was substantially justified or other circumstances make an award of expenses unjust. The substantially justified standard requires more than mere good faith; it demands a showing that reasonable people could differ as to the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988).

**B. The Motion Is Untimely and Demonstrates a Lack of Diligence**

The Debtor's Motion for Protective Order, filed only two days before

the scheduled deposition, is untimely and demonstrates a lack of diligence. Although Rule 26(c) does not specify a deadline within which a protective order must be filed, courts have imposed the requirement that motions for protective orders be timely or seasonable. Failure to file a timely motion for protective order can be grounds for denying the motion, particularly when a party has knowledge of a need for a protective order but remains silent until a conflict occurs.

Here, the Debtor had months of advance knowledge of the scheduling conflict yet waited until two days before the deposition to seek relief. This delay is inexcusable and demonstrates a deliberate failure to manage discovery obligations responsibly. The circumstances do not warrant excusing the Debtor's untimely filing. The Debtor had months to file this motion or to communicate the conflict to the Creditor. The Debtor cannot claim lack of opportunity when it possessed full knowledge of the conflict for months before the deposition date.

### C. The Debtor's Admission Defeats Any Claim of Substantial Justification or Good Cause

The Debtor's admission in paragraph six of the Motion that the medical procedure was arranged months in advance is fatal to any claim of substantial justification or good cause. By admitting months of advance knowledge, the Debtor concedes it had ample opportunity to notify the Creditor, seek informal resolution, or file a timely motion for protective order. This admission demonstrates that the

Debtor's last-minute filing was not the result of an unexpected emergency or unavoidable circumstance, but rather the product of delay and poor planning.

The good cause standard requires a particular and specific demonstration of harm. Here, the Debtor cannot demonstrate good cause when her own admission reveals that she had months to address the scheduling conflict but chose not to do so. Any harm the Debtor now claims could have been entirely avoided through timely communication and reasonable scheduling coordination.

Moreover, the Debtor's conduct cannot be considered substantially justified under the Rule 37 standard. Reasonable people could not differ as to whether it is appropriate to wait months before disclosing a known scheduling conflict and then file a motion two days before a properly noticed deposition. The Debtor's approach is objectively unreasonable and fails to meet the substantial justification standard.

### D. The Debtor Failed to Act in Good Faith

Although the Debtor include a certification, any last-minute attempt to confer two days before the deposition cannot constitute good faith when the Debtor possessed knowledge of the conflict for months. The Debtor had a duty to communicate the scheduling conflict as soon as it became aware of it.

By remaining silent for months and then filing a last-minute motion, the Debtor violated the fundamental principle that parties should confer in good faith before seeking court intervention.

### E. Policy Considerations Support Denial of the Motion

Granting the Motion for Protective Order would reward the Debtor's lack of diligence and shift the burden of poor planning onto the Creditor. The discovery process depends on parties acting in good faith and communicating openly about scheduling conflicts and other issues that may arise. When a party possesses months of advance knowledge of a conflict but remains silent until the last minute, that party undermines the cooperative spirit that makes discovery function efficiently.

The Creditor properly noticed the deposition with adequate advance notice in compliance with the Federal Rules. The Creditor should not be penalized for the Debtor's failure to communicate a known scheduling conflict. Granting the motion would effectively punish the Creditor for following proper procedures while rewarding the Debtor for failing to cooperate in the discovery process.

## II. THE CREDITOR IS ENTITLED TO AN AWARD OF REASONABLE FEES AND COSTS UNDER RULE 37

The Creditor is entitled to recover its reasonable fees and costs under two independent provisions of Federal Rule of Civil Procedure 37, which applies in this adversary proceeding. First, Rule 37(a)(5)(B) mandates an award of expenses

incurred in opposing the Debtor's Motion for Protective Order when that motion is denied, unless the motion was substantially justified or other circumstances make an award unjust. Second, to the extent the Debtor failed to appear at the properly noticed deposition, Rule 37(d) authorizes sanctions including the reasonable expenses caused by that failure.

### A. The Creditor Is Entitled to Fees and Costs Under Rule 37(a)(5)(B)

Rule 37(a)(5)(B) establishes a strong presumption in favor of awarding expenses when a motion for protective order is denied. The rule provides that if the motion is denied, the court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. The court must not order this payment only if the motion was substantially justified or other circumstances make an award of expenses unjust.

The mandatory nature of this provision is critical. The burden rests squarely on the movant to demonstrate either substantial justification for filing the motion or circumstances that would make an award unjust. As established above, the Debtor's Motion for Protective Order was not substantially justified. The Debtor filed the motion only two days before the scheduled deposition

despite admitting that the scheduling conflict was known months in advance. This untimely filing, coupled with the Debtor's failure to seek relief when the conflict first became known, demonstrates a lack of substantial justification for the motion.

Beyond the lack of substantial justification, no circumstances exist that would make an award of expenses unjust. The Creditor should not be required to bear the costs of responding to the Debtor's untimely and unjustified motion. The purpose of Rule 37(a)(5)(B) is to deter parties from filing meritless motions and to compensate opposing parties for the expenses incurred in responding to such motions.

The expenses recoverable under Rule 37(a)(5)(B) include all reasonable expenses incurred in opposing the motion, including attorney's fees. In this case, such expenses include attorney time spent researching the applicable law, drafting this Response in Opposition to the Motion for Protective Order, reviewing the Debtor's motion and supporting materials, and any time spent attending a hearing on the motion. The Creditor can and will provide detailed documentation of these specific fees and costs in a supporting affidavit or declaration.

**B. The Creditor Is Entitled to Sanctions Under Rule 37(d) for the Debtor's Failure to Appear**

Rule 37(d) provides that a court may impose sanctions, including reasonable expenses and attorney's fees, when a party fails, after being served with proper notice, to appear for that person's deposition. The rule further provides that a failure to

appear is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

However, the filing of a motion for protective order does not relieve a deponent of the duty to appear at a deposition or preclude the imposition of sanctions for failure to appear. *Kelly v. Old Dominion Freight Line, Inc.*, 376 F. App'x 909, 915 (11th Cir. 2010). The fact that the filing of a motion for a protective order is necessary to excuse a non-appearance at a deposition does not mean that the filing of a motion for a protective order is sufficient to excuse that non-appearance. *Id*. This means that to be excused from appearing at a noticed deposition, a deponent must obtain an order, not just file a motion. This principle ensures that parties cannot unilaterally disrupt the discovery process by filing last-minute motions for protective orders.

To the extent the Debtor failed to appear at the scheduled deposition, that failure was not substantially justified. The Debtor did not obtain a court order postponing or excusing the deposition before the scheduled date. The Debtor's filing of a motion for protective order two days before the deposition, without seeking or obtaining any stay or postponement order, does not excuse the failure to appear. Moreover, the circumstances surrounding the motion

filing further demonstrate the lack of substantial justification. The Debtor admitted that the scheduling conflict was known months in advance, yet took no action to reschedule the deposition or seek court intervention until two days before the scheduled date.

The expenses recoverable under Rule 37(d) include attorney time spent preparing for the deposition, including reviewing documents, preparing examination outlines, and coordinating with the court reporter. Additional recoverable expenses include travel costs incurred by counsel in anticipation of attending the deposition, court reporter fees for the scheduled deposition, and any other costs directly caused by the Debtor's failure to appear.

Sanctions under Rule 37(d) serve important purposes beyond mere compensation. They deter similar conduct by other parties, penalize the offending party for disregarding discovery obligations, and vindicate the integrity of the discovery process. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536 (11th Cir. 1993). In this case, monetary sanctions in the form of fee-shifting are particularly appropriate. The Debtor's conduct-waiting until two days before a scheduled deposition to seek relief for a conflict known months in advance-demonstrates a lack of respect for the discovery process and the Creditor's legitimate interests.

The Creditor will provide detailed documentation of the specific fees and

costs incurred as a result of preparing for the deposition and responding to the Debtor's Motion. This documentation will include itemized billing records showing attorney time spent in deposition preparation, receipts for travel expenses if applicable, invoices from the court reporter if retained, and any other relevant supporting materials.

## CONCLUSION

For the foregoing reasons, the Creditor respectfully requests that this Court:

1. DENY the Debtor's Motion for Protective Order in its entirety;

2. ORDER the Debtor to appear for deposition at a date and time to be determined by the Court or as agreed upon by the parties;

3. AWARD the Creditor entitlement to reasonable expenses, including attorney's fees and costs, incurred in opposing the Motion for Protective Order pursuant to Federal Rule of Civil Procedure 37(a)(5)(B);

4. AWARD the Creditor entitlement to reasonable expenses, including attorney's fees and costs, incurred in preparing for the deposition and caused by the Debtor's failure to appear at the properly noticed deposition pursuant to Federal Rule of Civil Procedure 37(d); and

5. GRANT such other and further relief as the Court deems just and proper.

Respectfully submitted this 8th day of June, 2026.

By: /s/ Randall Shochet, Esq.
Randall ("Randy") Shochet, Esq.
Florida Bar No. 959421
SHOCHET LAW GROUP
SHOCHET APPELLATE, LLC
409 N. Main Street
Trenton, FL 32693

(352) 354-4518
attorneys@counsel.insure

/s/ DENNIS J. LEVINE, ESQ.
DENNIS J. LEVINE, ESQ.
Fla. Bar No. 375993
BROCK & SCOTT, PLLC
4919 Memorial Hwy., Suite 135
Tampa, FL    33634
813-836-7648
954-618-6954 (fax)
Dennis.LeVine@brockandscott.com
Theresa.Byington@brockandscott.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY the foregoing document was served via CM/ECF to the below-listed person(s) and entities:

Jerome Ramsaran, Esq.
1200 Brickell Ave., Ste 1950
Miami, FL 33131

United States Trustee, USTPRegion21.TL.ECF@usdoj.gov
        on this 8th day of June, 2026.

/s/ DENNIS J. LEVINE, ESQ.
DENNIS J. LEVINE, ESQ.