UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IN RE:

LYNETTE MICHELLE LACEY           CASE NO.: 25-10173-KKS
ALEXIS PRESTON,                   CHAPTER: 7

     Debtor.
_____/

## ORDER DENYING *DEBTOR'S EMERGENCY MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION AND INCORPORATED MEMORANDUM OF LAW* (ECF No. 121)

THIS CASE came before the Court for hearing on June 9, 2026, on the *Debtor's Emergency Motion for Protective Order Regarding Deposition and Incorporated Memorandum of Law* ("Emergency Motion," ECF No. 121) filed on May 25, 2026, and the *Response in Opposition to Debtor's Motion for Protective Order and Request for Award of Fees and Costs* ("Response," ECF No. 124) filed by Creditor, Jeremy Hales ("Creditor") on June 8, 2026.

Counsel for the parties submitted competing orders memorializing the ruling on the Emergency Motion, announced at the conclusion of the hearing. The Court crafted the instant Order by using some language submitted by both parties.

The Court having reviewed the Emergency Motion, the Response,

the supporting documentation, the competing orders, and the applicable law, and having heard argument of counsel at the hearing, finds and orders as follows:

### Findings of Fact

1. On April 28, 2026, the Creditor properly noticed the Debtor's deposition to take place on May 27, 2026, at 8:00 a.m. at the Levy County Courthouse in Bronson, Florida.

2. On May 25, 2026, only two days before the scheduled deposition, the Debtor filed the Emergency Motion seeking to postpone or cancel the deposition.

3. Exhibits attached to the Emergency Motion show that on May 15, 2026, Debtor's counsel notified Creditor's counsel by email that Debtor would be unable to appear for the scheduled deposition on May 27, 2026.[1] On the same date, Debtor's counsel's office advised Creditor's counsel that Debtor could appear for the deposition on alternate dates of May 26, 28, 29, or "any day thereafter."[2] In response, Creditor's counsel reported that the May 27, 2026, deposition date had been "coordinated over the phone

---

[1] Emergency Motion, ECF No. 121-2, Ex. B, p. 3.
[2] *Id.*

2

weeks ago," and refused to change the date for the deposition.[3]

4.    In the Emergency Motion, Debtor admits that the medical procedure that allegedly created the scheduling conflict was arranged months in advance. Specifically, Debtor states in the Emergency Motion: "Mr. John Cook is the only other individual available to assist with care for Debtor's special needs child during the deposition. Mr. Cook is scheduled to undergo a medical procedure on May 27, 2026, *which was arranged months in advance* and requires transportation assistance and post-procedure care."[4]

5.    The Debtor failed to appear at the scheduled deposition on May 27, 2026.

6.    Creditor asserts that as a result of Debtor's filing of the Emergency Motion and failure to appear for the scheduled deposition, he incurred expenses, including court reporter fees and attorney time spent preparing for the deposition and responding to the Emergency Motion.

### Conclusions of Law

7.    Federal Rule of Civil Procedure 26(c), as incorporated by

---

[3] *Id.*, p. 4.; The Court reviewed the audio record of the status hearing held on May 5, 2026. *See* ECF No. 118. At that hearing, Debtor's counsel stated "for the record" that he and Creditor's counsel spoke just before the hearing and confirmed, among other matters, the date of Debtor's deposition as May 27, 2026.

[4] Emergency Motion, ECF No. 121, p. 2, ¶¶ 5-6 (emphasis added).

3

Fed. R. Bankr. P. 7026, requires a party seeking a protective order to demonstrate good cause for the court to issue an order protecting that party from annoyance, embarrassment, oppression, or undue burden or expense.

8. The party seeking a protective order bears the burden of demonstrating good cause for the order.

9. Courts have held that parties with knowledge that they may need a protective order may not remain silent and wait for a conflict to occur.

10. A motion for protective order must be timely filed. Failure to file a timely motion for protective order can be grounds for denying the motion, particularly when a party has knowledge of a need for a protective order but remains silent until a conflict occurs.

11. Federal Rule of Civil Procedure 37(a)(5)(B), applicable in this adversary proceeding by Fed. R. Bankr. P. 7037, provides that if a motion for protective order is denied, the court must require the movant to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees, unless the motion was substantially justified or other circumstances make an award of expenses unjust.

12. The substantially justified standard requires more than mere good faith; it demands a showing that reasonable people could differ as to the appropriateness of the contested action.

13. Federal Rule of Civil Procedure 37(d)(1)(A), applicable in this adversary proceeding by Fed. R. Bankr. P. 7037, provides that a court "may, on motion," order sanctions.[5] Sanctions may include reasonable expenses, including attorney's fees, caused by a party's the failure to appear after being served with proper notice, "unless the failure was substantially justified or other circumstances make an award of expenses unjust."[6]

14. The amount and reasonableness of any such fees and costs shall be determined after submission of the Creditor's affidavit or itemization of fees and costs and any response by the Debtor.

15. The filing of a motion for protective order does not relieve a deponent of the duty to appear at a deposition or preclude the imposition of sanctions for failure to appear.

16. To be excused from appearing at a noticed deposition, a deponent must obtain an order, not just file a motion.

---

[5] Fed R. Civ. P. 37(d)(1)(A).
[6] Fed R. Civ. P. 37(d)(3).

## Analysis and Determination

Debtor's Emergency Motion was not timely filed under the circumstances. Debtor's deposition was scheduled for Wednesday, May 27, 2026. Debtor had significant advance knowledge of the scheduling conflict, yet Debtor's counsel did not contact Creditor's counsel until after 6:00 p.m. on Friday, May 15, 2026, to notify Creditor's counsel of the conflict.[7]

The timing of the Emergency Motion does not support the protective relief Debtor requests. Debtor's knowledge of the medical procedure months in advance weighs against a finding of good cause or substantial justification for filing the Emergency Motion at 11:47 p.m. EDT on Monday, May 25, 2026,[8] with a deposition scheduled to begin at 8:00 a.m. on Wednesday, May 27, 2026. Debtor had ample opportunity to notify her attorney and Creditor's counsel of the conflict. Debtor's counsel could and should have filed the Emergency Motion immediately upon notifying Creditor's counsel of the conflict on May 15, if not long before.

---

[7] Debtor's counsel has neither written nor argued that Debtor did not advise counsel of the conflict before Friday, May 15, 2026.

[8] U.S. Bankruptcy Court Northern District of Florida, *Notice of Electronic Filing* (May 25, 2026 at 11:47 PM EDT) https://ecf.flnb.uscourts.gov/cgi-bin/DktRpt.pl?139859 (last visited July 23, 2026).

Debtor's last-minute filing of the Emergency Motion was not the result of an unexpected emergency.  Debtor did not obtain a court order postponing or excusing the deposition before the scheduled date. The filing of the Emergency Motion, without entry of an order staying or postponing the deposition, did not relieve the Debtor of the obligation to appear. Debtor did not carry her burden to establish good cause for the requested protective order. Under the circumstances, the Emergency Motion was not substantially justified for purposes of Federal Rule of Civil Procedure 37(a)(5)(B).

For the reasons stated, it is

### ORDERED:

1. *Debtor's Emergency Motion for Protective Order Regarding Deposition and Incorporated Memorandum of Law* ("Emergency Motion," ECF No. 121) is **DENIED**.

2. Unless Debtor has already appeared for a deposition, no later than twenty-one (21) days from the date of this Order, Debtor shall appear in person for a deposition at a reasonable date, time, and location to be agreed upon by the parties or as

7

ordered by the Court.[9]

3. Creditor's request for an award of reasonable attorney's fees and costs pursuant to Fed. R. Civ. P. 37(a)(5)(B) is **GRANTED**, subject to the Court's determination of the amount and reasonableness of the fees and costs requested.

4. Creditor's request for an award of sanctions pursuant to pursuant to Fed. R. Civ. P. 37(d)(1)(A) is **DENIED**. Any such request must be made by motion; Creditor made this request in its Response.

5. Within fourteen (14) days of the date of this Order, Counsel for the Creditor may file an affidavit of attorney's fees and costs setting forth with particularity the fees and costs claimed to have been incurred as a result of Debtor's failure to attend the scheduled deposition, and in opposing Debtor's Emergency Motion. The affidavit shall include sufficient detail to permit evaluation of reasonableness, necessity, causation, hourly

---

[9] In the competing orders submitted by counsel for the parties, the date for this deposition was July 9, 2026. Creditor's attorney submitted Creditor's competing proposed order on June 18, 2026; Debtor's counsel did not submit Debtor's competing order until July 7, 2026. Because of the month-long delay in submission of the competing orders, the July 9 date, which may have been agreed to by the parties in June, may no longer have been workable. Whether Debtor's delay in submitting the competing order was yet another effort to delay discovery in this case remains to be seen.

rates, time entries and costs, and shall be free of duplication.[10]

6. Counsel for Debtor shall have seven (7) days from the filing of Creditor's counsel's affidavit of attorney's fees and costs to file a response or objection. Debtor's response or objection may address entitlement, reasonableness, amount, causation, duplication, hourly rates, costs, and any other basis for reduction or denial of the requested amount.

7. Within fourteen (14) days after Debtor's counsel response or objection to Creditor's fee affidavit, counsel for Creditor and Debtor *shall confer* by telephone in a good-faith effort to reach agreement on the amount of attorney's fees and costs, if any, to be awarded.

8. If the parties are unable to reach agreement on the amount of attorney's fees and costs after conferring in good faith, counsel for Creditor shall file a request for the Court to rule on the papers or schedule a hearing to determine the appropriate

---

[10] The Docket shows that Creditor's counsel, Randall M. Schochet filed a document docketed as "Attorney Time Records for period ending pursuant to N.D. Fla. Loc. R. 54-1 (Sealed Document)" on June 28, 2026. *See* ECF No. 126. The Northern District Court has no such rule. N.D. Fla. Loc. R. 51.1 applies to motions for attorneys' fees but contains no provision for sealing of attorney time records. Nonetheless, somehow this document is, as of the date of this Order, sealed. For that reason, Creditor's time to file the affidavit required by this Order commences upon entry of this Order.

amount of the award.

9. The Court retains jurisdiction to enforce the terms of this Order and to determine the amount of attorney's fees and costs to be awarded.

10. **Counsel for Creditor and counsel for Debtor are required to confer in good faith, including by telephone where practicable, before seeking Court intervention on future discovery issues, consistent with the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and all applicable Local Rules.**

**DONE AND ORDERED** on July 24, 2026.

KAREN K. SPECIE
Chief U.S. Bankruptcy Judge

cc: All parties in interest.