**IN THE UNITED STATES BAKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASE DIVISION**

IN RE:

LYNETTE MICHELLE LACEY
ALEXIS PRESTON,

Case No. 25-10173-KKS

Debtor.

Chapter 7

_______________________________________/

**AMENDED MOTION TO COMPEL RESUMPTION OF DEPOSITION AND FOR SANCTIONS**

Creditor Jeremy Hales, by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Bankruptcy Procedure 7030 (incorporating Federal Rule of Civil Procedure 30(d)(2) and 37(a)(3)(B)) for an order (1) imposing cost-shifting sanctions requiring the Debtor to pay the Creditor's reasonable attorney's fees, court reporter appearance fees, transcript costs, and time spent drafting this motion and related pleadings; and (2) imposing further sanctions as appropriate for the pattern of disruptive conduct that has now prevented completion of the Debtor's deposition on two separate occasions.

I. INTRODUCTION

The parties have agreed that the Debtor's deposition must resume. The only remaining issue is Debtor’s sanctions. The Court ordered the Creditor to present specific, line-by-line evidence of the conduct that necessitated this motion. This Amended Motion provides exactly that. The attached transcript excerpts, indexed by

page and line number, document a persistent pattern of interruption that frustrated the fair examination of the Debtor despite repeated warnings, instructions from her own attorney, and explicit threats of sanctions.

The July 7, 2026 deposition commenced at 9:00 a.m. Initially, the Debtor left the beginning of the deposition to seek a Court bailiff (despite the presence of her own counsel) - after being advised that a third-party may not enter the deposition room (located in the Levy County courthouse) once the deposition begins - absent a bona fide emergency. This delayed the start of the deposition. The deposition was suspended at 10:58 a.m. after the Debtor repeatedly interrupted questioning counsel before questions could be completed, ignored her own attorney's on-the-record admonishments, and ultimately left the deposition room when counsel announced he would seek sanctions. Rule 30(d)(2) authorizes sanctions—including reasonable expenses and attorney's fees — against a person who impedes, delays, or frustrates the fair examination of the deponent. The Debtor's conduct falls squarely within that rule.

## II. STATEMENT OF FACTS

### A. Procedural Background and Prior Discovery Obstruction

On April 28, 2026, the Creditor properly noticed the Debtor's deposition to take place on May 27, 2026, at 8:00 a.m. at the Levy County Courthouse in Bronson,

Florida. On May 25, 2026 — only two days before the scheduled deposition — the Debtor filed an Emergency Motion for Protective Order seeking to postpone or cancel the deposition. In paragraph six of that Motion, the Debtor admitted that the medical procedure creating the alleged scheduling conflict was arranged months in advance. The Debtor failed to appear at the scheduled deposition on May 27, 2026.

This Court denied the Debtor's Emergency Motion for Protective Order and found that the Motion was untimely, not substantially justified, and demonstrated a lack of diligence. (Doc. 137). The Court found that the Debtor had months of advance knowledge of the scheduling conflict yet waited until two days before the deposition to seek relief, which was "inexcusable" and "the product of delay and poor planning." *Id.* The Court further found that the Debtor's conduct "cannot be considered substantially justified under the Rule 37 standard." *Ibid.* The Court awarded entitlement to attorney's fees and costs to the Creditor under Federal Rule of Civil Procedure 37(a)(5)(B) and Rule 37(d) and ordered the Debtor to appear in person for her deposition on or before July 9, 2026. *Ibid.*

B. The July 7, 2026 Deposition and the Pattern of Interruption

In compliance with the Court's Order, the parties agreed to reset the Debtor's deposition for July 7, 2026. The deposition commenced at 9:00 a.m. The Debtor's counsel, Jerome Ramsaran, Esq., appeared and represented the Debtor.

At the outset of the deposition, counsel for the Creditor established the ground rule that the Debtor was not to interrupt questioning counsel and was to wait until each question was completed in its entirety before answering. The Debtor acknowledged that this instruction was "very clear." Despite this acknowledgment, the Debtor repeatedly interrupted questioning counsel throughout the deposition.

*Specific page/line items follow this summary* - the transcript reflects a persistent pattern of disruptive conduct:

- **Interrupting before questions were finished.** The Debtor repeatedly began answering before counsel completed his questions, requiring counsel to stop mid-sentence and remind the Debtor to wait.
- **Ignoring warnings and instructions from her own attorney.** The Debtor's own counsel intervened on the record multiple times to instruct the Debtor to stop interrupting and allow questions to be completed before answering.
- **Persisting after explicit threats of sanctions.** Even after counsel announced that continued interruptions would result in termination of the deposition and a motion for sanctions, the Debtor interrupted again, prompting counsel to terminate the examination.
- **Leaving the room when sanctions were announced.** When counsel stated he was terminating the deposition and would move for sanctions, the Debtor left the room.

C. Specific Instances of Interruption: Page and Line Citations

The Court directed the Creditor to identify every instance of interruption documented in the transcript and link each example to the conduct supporting the

motion. The following table presents those instances in chronological order, with exact page and line citations from the July 7, 2026 deposition transcript:

| Page:Line | Type of Interruption | Context |
|---|---|---|
| 4:12-18 | Ground rule established; Debtor acknowledges | Counsel: "You are not to interrupt me at all. When I ask a question, wait until the question is completed in its entirety, and then you can answer. Is that clear?" Debtor: "Very clear, sir." **(Doc. 145-1).** |
| 4:19-6:8 | Warning about consequences of interruption | Counsel warns that interruptions during the deposition will result in immediate motion to the judge for sanctions and attorney's fees. **(Doc. 145-1 and Doc. 145-2).** |
| 6:8 | First interruption during ground rules | Debtor interrupts counsel: "I'm sorry you just interrupted me again." **(Doc. 145-2).** |
| 7:15-8:5 | Debtor's own attorney intervenes | Attorney Ramsaran instructs the Debtor: "You cannot discuss your testimony, and that includes with me, when taking breaks." Counsel then observes: "You're actually interrupting your own attorney. So let people finish what they're saying, then you can respond." **(Doc. 145-3).** |
| 20:18-21:16 | Interruption and admonishment by own attorney | Debtor interrupts; Attorney Ramsaran: "Michelle, that's enough. Let's bring it back." Counsel: "You did interrupt me. You didn't know what my question was going to be; you assumed it. So try to take half a breath before answering, and that might help." **(Doc. 145-4).** |

| | | |
|---|---|---|
| 54:6-55:20 | Explicit request for attorney to control witness | After repeated interruptions, counsel: "Mr. Ramsaran, I need you to really control your client. It's happening again now... Please instruct your witness to wait until my question is finished before she answers." Off-the-record break taken. (**Doc. 145-5).** |
| 35:25-37:7 | Interruption mid-question with warning | Debtor interrupts counsel mid-question about name spelling. Counsel: "Again interrupted. There it is." Later: "Let me finish my question. And again, please look at me." (**Doc. 145-6).** |
| 84:15-87:7 | Final warning before termination | Counsel: "Mr. Ramsaran, one more time, and I'm going to stop this deposition, get the transcript and take it to the judge. I can't do this. I simply cannot do this. We're going to have to get a special master in here that's going to start racking fines and sanctions on this every time this happens." Attorney Ramsaran: "Michelle, let him finish the question... This is a deposition. And frankly, it's for your own benefit, honestly, in answering these questions to do it that way." (**Doc. 145-7).** |
| 91:3-92:16 | Final interruption and termination | Counsel asks: "What did John Cook do in exchange for you paying the 22,500? Did he promise to do something—or—" Debtor: "No." Counsel: "It happened again." Debtor: "I'm sorry." Counsel: "We're done. We're absolutely done. We're going to move for sanctions and move to compel a special master here to control this witness in the future. We'll take it up with the court." Debtor leaves the room. Deposition concludes at 10:58 a.m. (**Doc. 145-8).** |

D. Debtor's Attorney Acknowledged the Impropriety of the Conduct

Throughout the deposition, Attorney Ramsaran made good-faith efforts to control his client's conduct and repeatedly acknowledged on the record that the

Debtor's responses were inappropriate. These acknowledgments demonstrate that the disruptive behavior was objectively improper: Doc. 145-3, 7:19-8:5. Attorney Ramsaran explained to the Debtor on the record: "You cannot discuss your testimony, and that includes with me, when taking breaks. I will discuss it with you afterwards, of course." When the Debtor interrupted her own attorney, counsel observed: "You're actually interrupting your own attorney. So let people finish what they're saying, then you can respond" - Doc. 145-4, 20:22-21:1. After an interruption, Attorney Ramsaran stated: "Michelle, that's enough. Let's bring it back. I apologize for interrupting on the record, Randy" - Doc. 145-7, 85:20-86:4. Attorney Ramsaran instructed the Debtor: "Michelle, let him finish the question. I know you want to answer. I know you are anticipating, but this is not a conversation, though. You have to remember that. This is a deposition. And frankly, it's for your own benefit, honestly, in answering these questions to do it that way. Let him finish even if you know what he's going to say, take a second, and give me an opportunity to object as well if I need to" – Debtor Dep. 70:12-13 and 71:16-17. When the Debtor gave evasive "whatever you say" responses, Attorney Ramsaran intervened: "You have to answer the question." *Id.* Later: "Michelle, listen to the question and answer the question." *Ibid.* These on-the-record admonishments by the Debtor's own

counsel confirm that the interruptions were not trivial friction but objectively disruptive conduct requiring judicial intervention.

## III. LEGAL STANDARD

### A. Federal Rule of Bankruptcy Procedure 7030 Incorporates Federal Rule of Civil Procedure 30

Federal Rule of Bankruptcy Procedure 7030 provides that Federal Rule of Civil Procedure 30 applies in adversary proceedings in bankruptcy. The Federal Rules of Civil Procedure, including Rule 30(d)(2) and Rule 37(a)(3)(B), are therefore fully applicable to depositions in this adversary proceeding.

### B. Rule 30(d)(2) Authorizes Sanctions for Conduct That Impedes, Delays, or Frustrates Fair Examination

Federal Rule of Civil Procedure 30(d)(2) provides that the court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent. The rule is designed to ensure that depositions proceed in an orderly manner and that obstructive conduct is deterred and punished. Imposition of sanctions under Rule 30(d)(2) does not require a finding of bad faith:

> Federal Rule of Civil Procedure 30(d)(2) provides that a "court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent." "Although Rule 30(d)(2) is commonly cited in support of sanctions for conduct that occurs during a deposition, courts have also relied on this provision to issue monetary sanctions for expenses incurred as a result of a non-

> appearance of a deposition." *In re Speer*, No. 14-21007, 2020 WL 1649617, at *11 (Bankr. D. Conn. Apr. 1, 2020) (collecting authorities). Moreover, the "[i]mposition of sanctions under Rule 30(d)(2) does not require a finding of bad faith." *Kennedy v. Ala. Dep't of Transp.*, No. CV 07-0788-WS-C, 2009 WL 10695349, at *5 (S.D. Ala. Jan. 6, 2009).

*Exist, Inc. v. Starr Indem. & Liab. Co.*, No. 0:23-CV-61511, 2024 U.S. Dist. LEXIS 203507, at *5 (S.D. Fla. Aug. 16, 2024).

Courts applying Rule 30 have recognized that sanctions are proper not only when counsel unreasonably prolongs a deposition or imposes an impediment that frustrates the fair examination of the deponent, but also when counsel or a witness engages in any behavior that would not be allowed in the presence of a judicial officer, makes improper or an excessive number of objections, or directs a witness not to answer. *Bolander v. TASER Int'l, Inc.*, No. 07-80789-Civ-Hurley/Hopkins, 2009 LX 24660 (S.D. Fla. Feb. 3, 2009). The same standard applies to witness conduct. A deponent who repeatedly interrupts questioning counsel, refuses to allow questions to be completed, and persists in disruptive behavior despite warnings and instructions from her own attorney impedes, delays, and frustrates the fair examination.

C. Rule 37(a) Authorizes Motions to Compel and Mandates Fee-Shifting.

Federal Rule of Civil Procedure 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling disclosure or discovery and may include a motion to compel an answer during a deposition. When taking an oral

deposition, the party asking a question may complete or adjourn the examination before moving for an order.

Rule 37(a)(5)(A) provides that if the motion is granted, the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. This mandatory fee-shifting provision applies unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust. *Lugo v. Simmons*, No. 3:23cv24517-TKW-HTC, 2024 LX 191608, at *9 (N.D. Fla. July 31, 2024).

## IV. ARGUMENT

### A. The Parties Have Agreed That the Deposition Must Resume

The Debtor's opposition to the original Motion stated that she does not resist an orderly, evenhanded resumption of the deposition. That concession resolves the first issue: the deposition must resume. The parties therefore agree on this point.

### B. The Debtor's Conduct Falls Squarely Within Rule 30(d)(2) and Warrants Sanctions

#### 1. The Debtor Repeatedly Interrupted Questioning Counsel Before Questions Were Completed

The transcript establishes that the Debtor repeatedly interrupted questioning counsel before questions could be completed, preventing counsel from creating a clean record and obtaining responsive answers. This conduct is precisely what Rule 30(d)(2) is designed to address. The rule authorizes sanctions against "a person who impedes, delays, or frustrates the fair examination of the deponent. *Exist, Inc. v. Starr Indem. & Liab. Co.*, No. 0:23-CV-61511, 2024 U.S. Dist. LEXIS 203507, at *5 (S.D. Fla. Aug. 16, 2024). The Debtor's interruptions were not isolated slips. They occurred throughout the deposition, despite:

- An explicit ground rule established at the outset that the Debtor was not to interrupt and was to wait until each question was completed before answering.
- The Debtor's acknowledgment that the instruction was "very clear."
- Repeated warnings from questioning counsel.
- Multiple on-the-record interventions and admonishments by the Debtor's own attorney.
- An explicit threat that continued interruptions would result in termination of the deposition and a motion for sanctions.

The specific instances documented in Section II.C, supra, demonstrate that the Debtor interrupted at least eight times after being warned and instructed to stop, culminating in a final interruption that caused counsel to terminate the examination.

2. The Debtor's Conduct Impeded, Delayed, and Frustrated the Fair Examination

The Debtor's repeated interruptions impeded the examination by making it impossible for counsel to ask complete, coherent questions and obtain responsive answers. The constant interruptions delayed the examination, consuming nearly two hours without completing the deposition. And the Debtor's refusal to comply with her own attorney's instructions frustrated the fair examination by demonstrating that the Debtor had no intention of participating in good faith.

Rule 30(d)(2) focuses on whether conduct impeded, delayed, or frustrated the fair examination, not merely whether time passed. The transcript shows that time was consumed by interruptions, admonishments, breaks, and repeated efforts to reestablish basic deposition procedure. Passing time is not the same as completed discovery.

Courts have recognized that a deponent's conduct — not just attorney conduct — can warrant sanctions under Rule 30(d)(2). Although Rule 30(d)(2) is commonly cited in support of sanctions for attorney conduct during a deposition, the rule by its terms applies to "a person" who impedes, delays, or frustrates the fair examination. *Exist, Inc. v. Starr Indem. & Liab. Co.*, No. 0:23-CV-61511, 2024 U.S. Dist. LEXIS 203507, at *5 (S.D. Fla. Aug. 16, 2024). The rule does not require that the obstructive conduct be directed by counsel or that counsel participate in the obstruction.

3. Opposing Counsel's Good-Faith Efforts Do Not Excuse the Debtor's Conduct

The Debtor's attorney made good-faith efforts to control his client's conduct. Counsel took off-the-record breaks to speak with the Debtor and repeatedly instructed the Debtor on the record to stop interrupting. The Creditor acknowledges these good-faith efforts and does not seek sanctions against opposing counsel.

However, the fact that opposing counsel attempted to correct the Debtor's conduct does not excuse the Debtor's behavior or eliminate the need for sanctions. To the contrary, the fact that the Debtor *ignored* her own attorney's repeated instructions demonstrates the deliberate and willful nature of the obstruction. A witness cannot repeatedly disrupt the proceedings and then avoid sanctions simply because her attorney tried unsuccessfully to stop the disruption.

The Court's prior order in this case recognized that discovery obligations are imposed on the parties themselves, not merely on their counsel. The Court found that the Debtor's failure to notify the Creditor of a scheduling conflict and her last-minute motion for protective order were inexcusable even though the Debtor was represented by counsel. Similarly, the Debtor's disruptive conduct at the deposition is sanctionable even though her counsel attempted to correct it.

C. The Creditor Is Entitled to Reasonable Attorney's Fees, Court Reporter Fees, and Costs

Rule 30(d)(2) authorizes the court to impose sanctions including "the reasonable expenses and attorney's fees incurred by any party" on the person who impedes, delays, or frustrates the fair examination. *Exist, Inc. v. Starr Indem. & Liab. Co.*, No. 0:23-CV-61511, 2024 U.S. Dist. LEXIS 203507, at *5 (S.D. Fla. Aug. 16, 2024). The Creditor has incurred substantial expenses as a result of the Debtor's conduct, including:

- Attorney's fees for the nearly two hours spent at the aborted deposition on July 7, 2026.
- Attorney's fees for preparing for the deposition.
- Court reporter appearance fees for the July 7, 2026 deposition.
- Court reporter fees for the transcript of the aborted deposition.
- Attorney's fees for the time spent drafting the original Motion to Compel and this Amended Motion and supporting materials.
- Attorney's fees for preparing and filing the Notice of Providing Deposition Excerpts.
- Attorney's fees for any hearing on this motion.

The Creditor will submit an affidavit of attorney's fees and costs detailing these expenses with particularity.

Florida Rule of Civil Procedure 1.380(a)(4) provides that if a motion to compel is granted, the court shall require the party or deponent whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in obtaining the order, which may include attorney's fees, unless the court finds that

the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust. The rule "specifically limits the award of costs to those 'reasonable expenses incurred in obtaining the order.'"

Here, all of the expenses the Creditor has incurred are directly tied to obtaining this order: fees for the motion, the hearing, the transcript and excerpts necessary to present the issue, and the reasonable costs of the interrupted deposition to the extent the Court finds they were caused by the conduct at issue.

D. This Is the Second Deposition That Has Failed to Proceed Due to the Debtor's Conduct

This is not the first time the Debtor has obstructed a deposition. The Debtor engaged in the same disruptive behavior during a prior deposition with the undersigned in a state court matter. The Debtor's pattern of obstruction demonstrates that she has no intention of complying with her discovery obligations absent the threat of substantial sanctions.

Moreover, this is the second deposition in this adversary proceeding that has failed to proceed to completion due to the Debtor's conduct. The first deposition was aborted because the Debtor failed to appear after filing an untimely and unjustified motion for protective order. The Court has already sanctioned the Debtor for that misconduct. Now, the second deposition has been suspended due to the Debtor's deliberate disruption of the examination.

The pattern of obstruction requires escalating sanctions to ensure compliance. The Court's prior award of attorney's fees and costs was insufficient to deter the Debtor's misconduct. Additional and more substantial sanctions are necessary to compel the Debtor to comply with her discovery obligations and to compensate the Creditor for the repeated waste of time and resources.

E. The Court Should Impose Conditions on the Resumed Deposition

The Court should enter an order compelling the resumption of the Debtor's deposition under proper conditions, including specific directives regarding the Debtor's conduct and a warning that any further disruptive behavior will result in immediate termination and further sanctions. Those conditions should include:

- A clear directive to the Debtor that she must allow each question to be completed in its entirety before beginning to answer. The undersigned is willing to add the word, "Answer" *after each question is finished* in order to facilitate this.
- A directive that the Debtor must comply with all instructions from her counsel regarding proper deposition conduct.
- A warning that any further disruptive conduct will result in immediate termination of the deposition and further sanctions, including potential contempt proceedings.

The Court's prior order already found that the Debtor disregarded discovery obligations and that sanctions serve the purposes of deterring similar conduct and vindicating the integrity of the discovery process. An order compelling resumption

with specific conduct requirements is necessary to ensure that the deposition can proceed to completion.

## CONCLUSION

The Debtor has twice obstructed the completion of her deposition through her own misconduct. Despite the good-faith efforts of her own attorney to correct her behavior, the Debtor repeatedly interrupted the undersigned, refused to allow questions to be completed, and made it impossible to conduct a fair examination. The undersigned properly suspended the deposition after nearly two hours of persistent disruption.

The Debtor's conduct violates Federal Rule of Civil Procedure 30(d)(2), which prohibits conduct that impedes, delays, or frustrates the fair examination of the deponent. The Debtor's pattern of obstruction also warrants cost-shifting sanctions to compensate the Creditor for the time and expense wasted as a result of the Debtor's disruptive conduct and to deter future misconduct.

WHEREFORE, Creditor Jeremy Hales respectfully requests that this Court:

1. Enter an order compelling the resumption of the deposition of Debtor Lynette Michelle Lacey Alexis Preston under proper conditions, including specific directives regarding the Debtor's conduct and a warning that any further disruptive behavior will result in immediate termination and further sanctions.
2. Impose cost-shifting sanctions under Federal Rule of Civil Procedure 30(d)(2) and Rule 37(a)(5)(A) requiring the Debtor to pay the Creditor's

reasonable attorney's fees, court reporter appearance fees, transcript costs, and all other reasonable expenses incurred as a result of the aborted deposition on July 7, 2026, and the time spent drafting this motion and related pleadings.

3. Direct the Creditor to file an affidavit of attorney's fees and costs within fourteen (14) days of the date of the Court's order and permit the Debtor to respond within seven (7) days thereafter.

4. Schedule a hearing on the amount of attorney's fees and costs if the parties are unable to reach agreement after conferring in good faith.

5. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 31st day of August, 2026.

By: /s/ Randall Shochet, Esq.
Randall ("Randy") Shochet, Esq.
Florida Bar No. 959421
SHOCHET LAW GROUP
SHOCHET APPELLATE, LLC
409 N. Main Street
Trenton, FL 32693
(352) 354-4518
attorneys@counsel.insure

/s/ DENNIS J. LEVINE, ESQ.
DENNIS J. LEVINE, ESQ.
Fla. Bar No. 375993
BROCK & SCOTT, PLLC
4919 Memorial Hwy., Suite 135
Tampa, FL 33634
813-836-7648
954-618-6954 (fax)
Dennis.LeVine@brockandscott.com
Theresa.Byington@brockandscott.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY the foregoing document was served via CM/ECF to the

below-listed person(s) and entities:

Jerome Ramsaran, Esq.
1200 Brickell Ave., Ste 1950
Miami, FL 33131

United States Trustee, USTPRegion21.TL.ECF@usdoj.gov
on this 31st day of August, 2026.

By: /s/ Randall Shochet, Esq.
Randall ("Randy") Shochet, Esq.