**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

IN RE:

LYNETTE MICHELLE LACEY ALEXIS PRESTON,

CASE NO. 25-10173-MWC
CHAPTER: 7

Debtor.
_______________________________/

**ORDER GRANTING IN PART AND DENYING IN PART *CREDITOR JEREMY HALES'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM AND FOR CONTEMPT AGAINST NONPARTY LISA LEE* (Doc. 148) AND GRANTING IN PART AND DENYING IN PART *NONPARTY LISA LEE'S MOTION TO QUASH SUBPOENA, FOR PROTECTIVE ORDER, TO DETERMINE SERVICE INEFFECTIVE, AND TO PRESERVE CONSTITUTIONAL AND JOURNALISTIC PRIVILEGES* (Doc. 144)**

THIS CASE is before the Court on *Creditor Jeremy Hales's Motion to Compel Compliance with Subpoena Duces Tecum and for Contempt Against Nonparty Lisa Lee* ("Motion to Compel," Doc. 148); *Nonparty Lisa Lee's Motion to Quash Subpoena, for Protective Order, to Determine Service Ineffective, and to Preserve Constitutional and Journalistic Privileges* ("Motion to Quash," Doc. 144); *Supplemental Declaration of Lisa Lee in Support of her Opposition, Motion to Quash, and Request for Protective* (Doc. 160); and *Nonparty Lisa Lee's Response and*

*Memorandum in Opposition to Creditor Jeremy Hales's Motion to Compel Compliance with Subpoena Duces Tecum and for Contempt* (Doc. 161). A hearing was held on September 15, 2026. Counsels for Creditor Jeremy Hales were present, counsel for Debtor was present, Counsel for the chapter 7 trustee, and Lisa Lee was present. The Court heard arguments of the parties at the hearing and considered the pleadings filed in this case.

**IT IS ORDERED**:

1. The Motion to Quash (Doc. 144) is GRANTED in part. Lisa Lee raised objections by email with Creditor's Counsel timely and subsequently filed her objections with this Court on August 17, 2026.
2. Lisa Lee will not be required to produce the materials and documents requested in the Subpoena in Request No. 3, Request No. 4, and Request No. 5. Said requests are not material to this case, are overly broad and burdensome, and are not likely to lead to the discovery of relevant information.

3. As to the allegations in the Motion to Quash that nonparty Lisa Lee was not served, the Court finds Ms. Lee was served.[1]
4. As to the other objections raised by nonparty Lisa Lee regarding constitutional and journalistic privileges, the Court did not have to address those matters and thus does not enter a ruling as Ms. Lee agreed to produce the materials the Court orders below.
5. The Motion to Compel is GRANTED in part. Nonparty Lisa Lee will provide the following items to Creditor Jeremy Hales within fourteen (14) days of entry of this order:
    a. Request No. 1: The complete Broadcast Video. A true, correct, unedited, and unaltered, digital copy of the entire video and audio recording of the Broadcast featuring the Debtor, including any portions that were edited out, deleted, or archived from public view.
    b. Request No. 2: Communications with Debtor. All Communications between nonparty Lisa Lee and the Debtor,

[1] See In re Combs, 668 B.R. 896 (Bankr. M.D. Fla. 2025) (holding service of a subpoena of a non-party's spouse at the spouse's residence was proper service as it was reasonably calculated to ensure the non-party received the subpoena).

from April 1, 2026, regarding the content and scheduling of the Broadcast.

6. All other materials requested in the Subpoena to nonparty Lisa Lee d/b/a Two Lees in a Pod are disallowed and will not be produced by nonparty Lisa Lee.

7. The Court does not find nonparty Lisa Lee in contempt and Creditor's request for attorney's fees and costs, and all other relief requested in the Motion to Compel is denied.

**DONE and ORDERED** on September 25, 2026.

MARY W. COLÓN
Chief U.S. Bankruptcy Judge

Creditor's counsel is directed to serve a copy of this order on interested parties and file a proof of service within 3 business days of entry of this order.