UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IN RE:
LYNETTE PRESTON,

Debtor.
_______________________________/

Case No. 25-10173-KKS
Chapter 7

**DEBTOR'S AND CREDITOR JEREMY HALES' CONSENT MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER**

Debtor Lynette Preston (the "Debtor") and creditor Jeremy Hales ("Creditor Hales," and together with the Debtor, the "Parties"), by and through their respective undersigned counsel, jointly and with mutual consent move this Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as made applicable to this contested matter by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, for entry of an agreed protective order governing the inspection of the Debtor's real property described below, and in support state:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this contested matter under 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b), which the district court has referred to the bankruptcy judges of this district. Venue is proper in this Court under 28 U.S.C. § 1409(a).

2. The statutory and rule predicates for the relief requested are Rule 26(c) of the Federal Rules of Civil Procedure, as incorporated by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure.

**Background**

3. The Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 8, 2025.

4. The Debtor claimed a homestead exemption in real property located at 151 North Otter Creek Avenue, Otter Creek, Florida 32683 (Parcel ID No. 0197000000) (the "Property"), which the Debtor scheduled as exempt on Schedule C.

5. Creditor Hales filed an Objection to the Debtor's Claim of Homestead Exemption (Doc. 26) (the "Homestead Objection"), asserting that the claimed homestead exceeds the constitutional size limitation for property located within a municipality under Article X, Section 4 of the Florida Constitution. The Trustee has joined in the Homestead Objection. (Doc. 107).

6. To evaluate the issues raised by the Homestead Objection, Creditor Hales wishes to have a representative inspect the Property, which is also the Debtor's residence. The Debtor is willing to permit such an inspection subject to reasonable protections addressing the private and residential nature of the Property.

**Relief Requested and Terms of the Parties' Agreement**

7. The Parties have conferred and reached an agreement resolving the terms of the inspection. The Parties respectfully request that the Court enter the agreed protective order attached hereto as Exhibit A (the "Protective Order"), which embodies the following terms:

(a) A third-party inspector designated by Creditor Hales, whose name will be provided to Debtor's attorney and the Trustee's attorney upon execution of this Motion and whose name will not be disclosed to any third party until after the inspection, may enter and inspect the Property at a mutually convenient date and time on or before October 10, 2026 (the "Date of Inspection"). The parties agree that the third-party inspector will not be accompanied at the inspection by Creditor Hales or his counsel.

(b) During the inspection, the inspector may take still photographs and video of the Property as the inspector deems necessary. A complete copy of all photographs and/or video taken on the Date of Inspection shall be provided to counsel for the Debtor, counsel for Hales, and counsel for the Chapter 7 Trustee. No copies, summaries, or abstracts of the confidential photographs and/or video shall be made for distribution or use by persons other than those persons identified in paragraphs (b) and (c) herein.

(c) The photographs and/or video taken during the inspection shall be treated as confidential and shall not be disseminated, shown, or disclosed to any person or entity other than the Debtor, the Trustee, and Creditor Hales, and their respective counsel, except as set forth below. Persons permitted access to the confidential photographs and/or video shall

not disclose, show, provide, or convey the photographs and/or video or information related to the photographs and/or video to any person.

(d) For a period of thirty (30) days following the Date of Inspection, the Parties shall attempt in good faith to resolve the Homestead Objection by written settlement agreement, and the photographs and/or video shall be used solely for purposes of that effort and shall remain subject to the confidentiality restriction in subparagraph (c). I f the parties reach a resolution by written settlement agreement during this time period, the photographs and/or video shall remain subject to the confidentiality restriction set forth in paragraph (c) indefinitely.

(e) If the Parties are unable to reach a resolution of the Homestead Objection by written settlement agreement within the thirty (30) day period, the photographs and/or video may thereafter be used solely to litigate Creditor Hales' Homestead Objection, Hales' pending adversary proceeding, and any turnover action filed by the Trustee, and for no other purpose.

(f) In the event that any confidential photographs and/or video are included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition, transcript, or other paper filed with the Court, the confidential photographs and/or video shall be filed and kept under seal by the Clerk of this Court until further order of this Court; provided, however, that the paper shall be furnished to the Court and attorneys for the parties and a duplicate copy with the confidential photographs and/or video deleted will be placed in the public record insofar as possible.

8. Good cause exists for entry of the Protective Order. Rule 26(c) authorizes the Court, for good cause, to issue an order specifying the terms and conditions of discovery, limiting the scope of disclosure, and designating the persons to whom protected material may be disclosed, in order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. The Property is the Debtor's private residence, and the agreed terms appropriately balance Creditor Hales' need to inspect the Property in connection with the Homestead Objection against the Debtor's legitimate interest in the privacy and security of her residence. The relief is sought on consent, and entry of the Protective Order will facilitate an orderly inspection and promote resolution of the Homestead Objection.

WHEREFORE, the Debtor and Creditor Hales respectfully request that the Court (a) grant

this Motion; (b) enter the agreed Protective Order attached as Exhibit A; and (c) grant such other and further relief as the Court deems just and proper.

Consented to and approved this 25th day of September, 2026:

*/s/ Jerome Ramasaran*
Jerome Ramasaran
Florida Bar No.: 112703
Ramsaran Law Group
1200 Brickell Avenue, Suite 1950
Miami, Florida 33131
888-423-9393
866-473-2260
jerome@ramsaranlawgroup.com

Attorney for Debtor

*/s/ Dennis LeVine*
Dennis J. LeVine
Florida Bar No.: 375993
Brock & Scott, PLLC
4919 Memorial Highway, Suite 135
Tampa, Florida 33634
813-836-7648
954-618-6954 (fax)
Dennis.LeVine@brockandscott.com

Attorney for Jeremy Hales

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the CM/ECF System to those registered thereto in the above-styled bankruptcy proceeding on this 25th day of September, 2026 and the following via electronic notice or by standard first-class mail and to those listed on the attached Mailing Matrix (excluding the aforementioned):

Dennis Jay LeVine (Dennis.LeVine@brockandscott.com)
Randall M. Shochet (attorneys@counsel.insure)
Jerome Ramsaran (jerome@ramsaranlawgroup.com)
Kevin Forsthoefel (kforsthoefel@ausley.com)
Theresa M. Bender (tmbenderch7@gmail.com)
U.S. Trustee (USTPRegion21.TL.ECF@usdoj.gov)
Lynette Michell Lacey Alexis Preston, via U.S. Mail at 151 North Otter Creek Avenue, Otter Creek, FL 32683

*/s/ Dennis Levine*
Attorney