**(modified by chambers)**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

IN RE:
LYNETTE MICHELLE LACEY ALEXIS PRESTON, Case No. 25-10173-KKS
Chapter 7

Debtor.
______________________________/

**AGREED ORDER ON CONSENT MOTION**
**FOR ENTRY OF PROTECTIVE ORDER (Doc. 166)**

THIS MATTER came before the Court upon the *Debtor's and Creditor Jeremy Hales' Consent Motion for Entry of Agreed Protective Order* (the "Motion") (Doc. 166), filed by Debtor Lynette Preston (the "Debtor") and creditor Jeremy Hales ("Creditor Hales," and together with the Debtor, the "Parties"). The Motion concerns the inspection of the Debtor's real property and residence located at 151 North Otter Creek Avenue, Otter Creek, Florida 32683 (Parcel ID No. 0197000000) (the "Property") in connection with Creditor Hales' pending *Objection to Debtor's Claim of Exemptions Regarding Homestead* (Doc. 26) (the "Homestead Objection"). **The parties submitted an agreed order that was not acceptable to the Court. The instant Order is without prejudice to the parties' rights to seek modification and/or alteration of this Order.**

IT IS ORDERED:

1. The Motion is GRANTED as set forth herein.

2. Inspection. A third-party inspector designated by Creditor Hales, whose name was to be provided to Debtor's attorney and the Trustee's attorney upon execution of the Motion and whose name will not be disclosed to any third party until after the inspection, may enter and inspect the Property at a mutually convenient date and time on or before October 10, 2026 (the "Date of Inspection"). The parties agree that the third-party inspector will not be accompanied at the inspection by Creditor Hales or his counsel.

3. Video / Photographs. During the inspection, the inspector may take still photographs and video of the Property (collectively the "Photographs") as the inspector deems necessary.

4. Copies of Photographs. A complete copy of all Photographs taken on the Date of Inspection shall be provided to counsel for the Debtor, counsel for Hales, and counsel for the Chapter 7 Trustee. No copies, summaries, or abstracts of the confidential photographs shall be made for distribution or use by persons other than those persons identified in Paragraphs 4 and 5 herein.

5. Confidentiality; No Dissemination. All Photographs taken during on the Date of Inspection (the "Photographs") shall be treated as confidential and shall not be disseminated, shown, published, or disclosed to any person or entity other than the Debtor, the Trustee, and Creditor Hales, and their respective counsel. Persons permitted access to the Photographs shall not disclose, show, provide, or convey the photographs or information related to the Photographs to any person. If

any of the Photographs are used in a deposition, all portions of the transcripts of such deposition which refer or relate to such confidential materials shall be treated as confidential pursuant to the terms of the protective order and shall be bound separately.

6. Thirty-Day Resolution Period. For a period of thirty (30) days following the Date of Inspection, the Parties shall attempt in good faith to resolve the Homestead Objection by written settlement agreement. During that period, the Photographs shall be used solely in furtherance of that effort and shall remain subject to the confidentiality restriction set forth in Paragraph 5. If the parties reach a resolution by written settlement agreement during this time period, the Photographs shall remain subject to the confidentiality restriction set forth in Paragraph 5 indefinitely.

7. Request to Restrict Access. Bankruptcy Proceedings and Adversary Proceedings are public records. There is a strong presumption that favors public disclosure as being "instrumental in securing the integrity of the [judicial] process." Chicago Trib. Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001); see also In re Yearby, 2026 WL 2501606 (Bankr. S.D. Ga. 2026). Section 107 of the Bankruptcy Code describes this presumption and what types of matters that parties typically request to restrict access. See 11 U.S.C. §107. At this time, the parties are bound by the confidentiality restriction set forth in Paragraph 5 and no

party shall file the Photographs with this Court unless approved by order of this Court.

8. Permitted Use After Thirty Days. If the Parties do not reach a resolution by written settlement agreement of the Homestead Objection within the thirty (30) day period, any party may file a motion with this Court to waive the confidentiality restriction set forth in Paragraph 5 above. Any such motion will not include the Photographs and must set forth the basis and need for any filing to occur under seal. Until such time as this Court rules on any motion filed, the Photographs will remain subject to the confidentiality restriction set forth in Paragraph 5.

9. Retention of Jurisdiction. The Court retains jurisdiction to interpret and enforce the terms of this Order.

DONE AND ORDERED this October 2, 2026.

Mary W. Colón
Chief United States Bankruptcy Judge

Attorney Jerome Ramasaran is directed to serve a copy of this order on interested parties who did not receive service by CM/ECF and file proof of service within 3 business days of entry of the order.

Order prepared by Attorney Ramasarn, LeVine, Shochet and Forsthoefel ***(Modified in Chambers)***

END OF DOCUMENT