IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

Case No. 25-10173-KKS

LYNETTE MICHELLE LACEY
ALEXIS PRESTON,

Chapter 7

Debtor.
_________________________________/

**CREDITOR'S REQUEST FOR COURT TO RULE ON THE PAPERS AND DETERMINE THE AMOUNT OF ATTORNEY'S FEES AND COSTS**

Creditor Jeremy Hales ("Creditor"), by and through undersigned counsel, respectfully submits this Request for the Court to Rule on the Papers and Determine the Amount of Attorney's Fees and Costs, and states as follows:

**Background**

1. On July 24, 2026, the Court entered its Order Denying Debtor's Emergency Motion for Protective Order and Awarding Attorney's Fees and Costs (Doc. 137) (the "Order").
2. The Order granted Creditor's request for an award of reasonable attorney's fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), subject to the Court's determination of the amount and reasonableness of the fees and costs requested.
3. Pursuant to paragraph 5 of the Order, Creditor's counsel filed an Affidavit of Attorney's Fees and Costs (Doc. 139) on July 27, 2026, setting forth with

particularity the fees and costs incurred in opposing the Emergency Motion and in preparing for the deposition that did not proceed as scheduled.

4. The Affidavit documented a total of 4.10 hours of attorney time at an hourly rate of $375.00 per hour, yielding attorney's fees of $1,537.50, plus court reporter costs of $220.00, for a total of $1,757.50.
5. Pursuant to paragraph 6 of the Order, Debtor's counsel had seven (7) days from the filing of Creditor's Affidavit to file a response or objection.
6. Pursuant to paragraph 7 of the Order, within fourteen (14) days after Debtor's counsel's response or objection, counsel for Creditor and Debtor were required to confer by telephone in a good-faith effort to reach agreement on the amount of attorney's fees and costs, if any, to be awarded.

**Good-Faith Conferral**

7. Consistent with the Court's Order and paragraph 10 thereof, undersigned counsel conferred in good faith by phone with Debtor's counsel, Jerome Ramsaran, Esq., regarding the amount of attorney's fees and costs to be awarded to the Creditor.
8. During the conferral, Debtor's counsel advised that he would need to confer with his clients before responding and would provide an answer thereafter.

9. To date, Debtor's counsel has not provided any response, position, or counter-proposal regarding the amount of fees and costs to be awarded, and the parties have been unable to reach agreement.

**Request**

10. Paragraph 8 of the Order expressly provides: "If the parties are unable to reach agreement on the amount of attorney's fees and costs after conferring in good faith, counsel for Creditor shall file a request for the Court to rule on the papers or schedule a hearing to determine the appropriate amount of the award."

11. The parties have been unable to reach agreement after good-faith conferral, triggering Creditor's right and obligation to seek Court resolution under paragraph 8 of the Order.

12. The fees and costs set forth in Creditor's Affidavit are reasonable, necessary, and directly caused by the Debtor's untimely Emergency Motion and failure to appear at the properly noticed deposition.

13. The billing records and supporting documentation submitted with the Affidavit are sufficient to permit the Court's evaluation of reasonableness, necessity, causation, hourly rates, and time entries as required by paragraph 5 of the Order.

WHEREFORE, Creditor Jeremy Hales respectfully requests that the Court:

1. Rule on the papers and determine the appropriate amount of attorney's fees and costs to be awarded to the Creditor pursuant to the Order (Doc. 137) and Federal Rule of Civil Procedure 37(a)(5)(B);
2. Enter an order awarding Creditor attorney's fees in the amount of $1,537.50 and costs in the amount of $220.00, for a total award of $1,757.50, or such other amount as the Court deems appropriate upon review of the papers; and
3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 3rd day of November, 2026.

***/s/ Randall Shochet, Esq.***
Randall ("Randy") Shochet, Esq.
Florida Bar No. 959421
SHOCHET LAW GROUP
SHOCHET APPELLATE, LLC
409 N. Main Street
Trenton, FL 32693
Telephone: (352) 354-4518
Email: attorneys@counsel.insure

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on November 3, 2026 to the following:

Jerome Ramsaran, Esq. Attorney for Debtor 1200 Brickell Ave., Ste 1950 Miami, FL 33131, jerome@ramsaranlawgroup.com, legal2@ramsaranlawgroup.com

United States Trustee USTPRegion21.TL.ECF@usdoj.gov

Dennis LeVine, Esq.
Dennis.LeVine@brockandscott.com

Theresa M. Bender

tmbenderch7@gmail.com, FL62@ecfcbis.com;tmbenderch7@ecf.inforuptcy.com

Kevin A. Forsthoefel on behalf of Trustee Theresa M. Bender
kforsthoefel@ausley.com, kreffitt@ausley.com

*/s/* ***Randall Shochet, Esq.***
Randall ("Randy") Shochet, Esq.
Florida Bar No. 959421
SHOCHET LAW GROUP
SHOCHET APPELLATE, LLC
409 N. Main Street
Trenton, FL 32693
Telephone: (352) 354-4518
Email: attorneys@counsel.insure