UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re: Case No. 25-10173-MWC

LYNETTE MICHELLE LACEY
ALEXIS PRESTON, Debtor.

Chapter 7

FILED USBC NDFL TLMAIL
NOV 9 2026 PM2:18

_______________________________/

**JOHN COOK'S MOTION FOR DIRECT NOTICE OF PROPOSED PROPERTY DISPOSITION AND MEMORANDUM OF LAW**

John Cook, self-represented, claims an undivided interest in real property he says he owns with the Debtor. He moves under Bankruptcy Rules 2002(m), 9007(a), 9013, 9014, and 9019(a) for direct notice and an opportunity to object if a party asks the Court to approve a disposition of the property.

**Facts Supporting the Request**

1. Cook claims an undivided one-half interest in the real property at 151 N. Otter Creek Avenue, Otter Creek, Florida 32683 (the Property). Cook identifies the deed as recorded in Levy County Official Records Book 1610, Page 877, Instrument No. 691930. He states that he and the Debtor were unmarried when the Property was acquired. See Cook Decl., Doc. 171 ¶¶ 3–4 & Ex. 1; Supp. Cook Decl. ¶ 2.
2. Cook understands the Chapter 7 Trustee is considering a possible sale and that settlement discussions have occurred. He has not agreed to any sale, settlement, transfer, or encumbrance of his claimed interest. See Cook Decl., Doc. 171 ¶¶ 4–6; Supp. Cook Decl. ¶¶ 2–4.
3. On November 5, 2026, the Debtor told Cook she was being pressed for a response about a possible settlement. Cook did not hear the underlying communications and has not seen the

proposed terms. As of the date of his supplemental declaration, Cook is unaware of a filed request, scheduled hearing, or closing date for a sale or settlement affecting his claimed interest. See Supp. Cook Decl. ¶¶ 3–5.

4. Direct notice will let Cook review the terms and object if the requested relief reaches his claimed interest. Cook appears only for himself.

**Memorandum of Law**

5. Rules 2002(m) and 9007(a) allow the Court to specify who must receive notice and how it must be given, subject to the Bankruptcy Rules. Rule 9019(a) separately permits the Court to designate additional recipients of notice of a proposed compromise. Cook requests direct notice because the distinction between a disposition of the estate's interest and one purporting to reach his own interest can turn on the language of the motion, agreement, or proposed order.

6. Under 11 U.S.C. § 541(a)(1), the estate generally succeeds to the Debtor's legal and equitable interests as of commencement. A sale of the estate's interest alone is distinct from a sale of both the estate's and a nonconsenting co-owner's interests. When the trustee seeks authority under § 363(h) to sell both, Bankruptcy Rule 7001(c) requires an adversary proceeding. It is commenced by complaint under Rule 7003, with service of the summons and complaint under Rule 7004. A sale or settlement motion in the main case does not substitute for that process.

7. Section 363(h) applies where, at commencement, the debtor held an undivided interest as a tenant in common, joint tenant, or tenant by the entirety. It requires proof that partition in kind is impracticable; a sale of the estate's undivided interest would realize significantly less for the estate than a sale free of the co-owner's interest; the benefit to the estate outweighs

any detriment to the co-owner; and the property is not used for the specified production, transmission, or distribution for sale of electricity or natural or synthetic gas. If § 363(h) applies, § 363(i) provides an eligible co-owner an opportunity to purchase at the sale price before consummation, and § 363(j) directs allocation of net sale proceeds according to the parties' interests, without deducting trustee compensation as a sale expense.

8. This motion asks the Court to set a notice procedure in the main case. It does not ask the Court to determine title or shares, issue an injunction, adjudicate consent, preclude negotiations or a lawful estate-only sale, or approve or disapprove a transaction that has not been presented.

**Requested Order**

9. Cook requests that any party seeking approval in the main case of a sale, transfer, encumbrance, or settlement providing for disposition of an interest in the Property serve him directly with the request and any accompanying notice, including any objection deadline and hearing information. Cook requests an opportunity to object and be heard before the Court acts, under the applicable rules and any scheduling order. All otherwise applicable notice, service, and procedural requirements would remain in effect.

**Word Count Certification**

10. I certify that the motion and memorandum contain approximately 690 words, excluding the caption, signature block, and certificates.

**Statement of Conferral**

11. On November 5, 2026, I emailed Randall Mark Shochet to request a conference on protecting my claimed property interest and asked for a response by 10:00 a.m. on November 6. I also emailed Kevin A. Forsthoefel, Jerome Ramsaran, and Dennis LeVine with the request. The

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re: Case No. 25-10173-MWC

LYNETTE MICHELLE LACEY
ALEXIS PRESTON, Debtor. Chapter 7

_________________________________/

**CERTIFICATE OF SERVICE**

I certify that on November 6, 2026, I served a true copy of the motion and supporting memorandum, the supplemental declaration, and by US Mail, as follows:

Theresa M. Bender, Chapter 7 Trustee
P.O. Box 14557
Tallahassee, FL 32317

Kevin A. Forsthoefel, counsel for Chapter 7 Trustee
123 S Calhoun St
Tallahassee, FL 32301

Jerome Ramsaran, counsel for Debtor
RAMSARAN LAW GROUP
1200 Brickell Ave., Suite 1950
Miami, FL 33131

Randall Mark Shochet
SHOCHET LAW GROUP
Attorneys for Plaintiffs
409 N. Main Street
Trenton, FL 32693

Dennis LeVine, counsel for Jeremy Bryan Hales
4919 Memorial Hwy., Suite 135
Tampa, FL 33634

Date: November 6, 2026

John Cook

John Cook, self-represented

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re: Case No. 25-10173-MWC

LYNETTE MICHELLE LACEY
ALEXIS PRESTON, Debtor.

Chapter 7

_______________________________/

**SUPPLEMENTAL DECLARATION OF JOHN COOK**

1. I make this declaration from personal knowledge except as stated

2. I claim a one-half undivided interest in 151 N. Otter Creek Avenue, Otter Creek, Florida 32683. See Doc. 171 ¶¶ 3–4 & Ex. 1. I have not consented to disposition of that interest.

3. On November 5, 2026, Ms. Preston told me she was being pressed for a settlement response. I did not hear the underlying communications.

4. I have not seen the proposed terms or learned whether they include my claimed interest.

5. As of signing, I am unaware of a filed sale or compromise request, an approval hearing, or a closing date for the Property.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on November 6, 2026 in Otter Creek, Florida.

John Cook

John Cook

initial email used the wrong judge suffix. Corrected contact, further efforts, responses, and positions as of filing: I have received no response by any party with regard to this conferral by 2pm on November 6, 2026.

Date: November 6, 2026

John Cook, self-represented
151 N. Otter Creek Avenue,
Otter Creek, Florida 32683
jmcook987@gmail.com